COPY

PRICE LAW GROUP, APC
G. Thomas Martin, III (Bar No. 218456)
15760 Ventura Blvd., Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com
Attorney for Plaintiff
JIM RODGERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JIM RODGERS,

              Plaintiff,

vs.

COMMERCIAL RECOVERY SYSTEMS, INC., a corporation; and DOES 1 to 10, inclusive,

              Defendants.

Case No.: EDCV13-0277 TJH (DTBx)

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**

1. VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]
2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

    1.    Jim Rodgers (Plaintiff), an individual, brings this action to secure redress from Commercial Recovery Systems, Inc. (Defendant) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as these claims arise under the laws of the United States. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

3. Jim Rodgers (Plaintiff) is an individual, residing in Alta Loma, San Bernardino County, California 91701. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and is thus "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Upon information and belief, Commercial Recovery Systems, Inc. (Defendant) is a corporation incorporated under the laws of the State of Texas and is headquartered at 8035 E. R. L. Thornton FWY, Suite 220, Dallas, Texas 75228. Upon information and belief and pursuant to the Secretary of State of Texas, Defendant's Registered Agent for Service of Process is Tim Ford, located at 8035 E. R. L. Thornton FWY, Suite 305, Dallas, Texas 75228.

5. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and

Case 5:13-cv-00277-TJH-DTB   Document 1   Filed 02/12/13   Page 3 of 14   Page ID #:6

mail to engage in the business of collecting debt in several states including California. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

7.  Within one year prior to the filing of this action, Defendant contacted Plaintiff in the attempted to collect a debt originally held by Capital One (alleged debt). Upon information and belief, the alleged debt is identified by reference number 4003116.

8.  Upon information and belief, the alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5). 8.

9. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and identified itself as "Sarah Brown" and "Cory Nottingham."

10. Within one year prior to the filing of this action, Defendant contacted Plaintiff's father on multiple occasions for the purpose of collecting the alleged debt.

11. Upon information and belief and within one year prior to the filing of this action, Defendant contacted Plaintiff's father for the purpose of collecting the alleged debt and Defendant disclosed to Plaintiff's father the nature of the alleged debt and stated that Plaintiff owed Defendant the alleged debt.

12. Upon information and belief, Plaintiff's father is not and has never been personally liable for the alleged debt.

13. Upon information and belief, Defendant has never received permission from Plaintiff to contact Plaintiff's father for the purpose of collecting the alleged debt.

14. Upon information and belief, prior to January 31, 2013, Plaintiff notified Defendant that Plaintiff was unable and/or unwilling to pay the alleged debt and that Plaintiff had retained an attorney to represent him in regards to the alleged debt.

15. Upon information and belief, subsequent to January 31, 2013, Defendant contacted Plaintiff multiple times for the purpose of collecting the alleged debt.

16. Upon information and belief and within one year prior to the filing of this action, Defendant repeatedly called Plaintiff from telephone number (888) 214-7867 for the purpose of collecting the alleged debt.

17. Upon information and belief and within one year prior to the filing of this action, Defendant repeatedly called Plaintiff at Plaintiff's telephone number(s) (909) 732-3293 and/or (626) 355-4585 for the purpose of collecting the alleged debt.

18. The natural consequences of Defendant's conduct in constantly and continuously contacting Plaintiff was to harass, oppress or abuse Plaintiff.

19. Defendant's conduct in constantly and continuously contacting Plaintiff caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly.

20. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and failed to communicate to Plaintiff that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose.

21. The natural consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt

22. Upon information and belief, within one year prior to the filing of this action, Defendant called Plaintiff on multiple occasions including, but not limited to February 4, 2013 and February 6, 2013 using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

23. Upon information and belief, Defendant did not receive Plaintiff's express consent before using an artificial prerecorded voice or an automatic telephone dialing system to contact Plaintiff.

24. Upon information and belief, Defendant did not have an emergency purpose for contacting Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system.

## FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

25. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated §1692b(2) of the FDCPA by communicating with any person other than the consumer and stating that such consumer owes any debt; and

(b) Defendant violated §1692b(3) of the FDCPA by communicating with any person other than the consumer more than once unless requested to do so by such person; and

(c) Defendant violated §1692b(6) of the FDCPA by communicating with a consumer after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address; and

(d) Defendant violated §1692c(a)(2) of the FDCPA by communicating with a consumer in connection with the collection of any debt when the debt collector knows the consumer is represented by an attorney with respect to such debt; and

(e) Defendant violated §1692d of the FDCPA by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(f) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(g) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial written communication with the consumer and, in addition, in the initial communication is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose; and

(h) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

27. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## SECOND CAUSE OF ACTION

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

29. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

30. On multiple occasions including, but not limited to February 4, 2013 and February 6, 2013, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii)

which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

31.  On multiple occasions including, but not limited to February 4, 2013 and February 6, 2013, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted . . ." .

32.  As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

33.  Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages;

    C.    Costs and reasonable attorney fees;

    D.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    E.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: February 8, 2013    PRICE LAW GROUP, APC

By: _____

G. Thomas Martin, III
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Terry J. Hatter and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

### EDCV13- 277 TJH (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| JIM RODGERS <br><br> *Plaintiff* <br> v. <br> COMMERCIAL RECOVERY SYSTEMS, INC., a corporation; and DOES 1 to 10, inclusive, <br><br> *Defendant* | ) <br> ) <br> ) <br> ) Civil Action No. EDCV13-0277 TJH (DTBx) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

    COMMERCIAL RECOVERY SYSTEMS, INC., a corporation
    8035 E. R. L. Thornton FWY, Suite 220
    Dallas, Texas 75228

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    G. Thomas Martin, III, Esq. (SBN 218456)
    PRICE LAW GROUP, APC
    15760 Ventura Blvd., Suite 1100
    Encino, CA 91436
    T: (818) 907-2030; F: (866) 397-2030
    tom@plglawfirm.com

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                                                *CLERK OF COURT*

Date:   FEB 1 2 2013                                                   JULIE PRADO

                                                                         *Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

JIM RODGERS

**DEFENDANTS**

COMMERCIAL RECOVERY SYSTEMS, INC., a corporation; and DOES 1 to 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100, Encino, CA 91436

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unlawful Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: EDCV13-0277

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Dallas, Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 02/08/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |